**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **RANDALL MEYER, on behalf of himself and others similarly situated,** ) ) ) **Plaintiff,** ) ) **v.** ) ) **OFFICESCAPES LLC,** ) ) **Defendant.** ) ) | **CASE NO.** **JUDGE** **CLASS AND COLLECTIVE ACTION COMPLAINT** **JURY DEMAND INCLUDED HEREON** |

Plaintiff Randall Meyer ("Representative Plaintiff"), by and through counsel, for his Complaint against Defendant OfficeScapes LLC ("Defendant"), states and alleges as follows:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in this district and division and a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

7. Representative Plaintiff is a resident of Ohio who was employed by Defendant as a production employee from October 2020 to April 8, 2022.

8. Defendant is a Corporation for Profit organized under the laws of the state of Ohio and maintaining a principal place of business in Ohio. Defendant is in the business of manufacturing artificial flowers. Defendant can be served at its statutory agent at CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

9. Defendant employed Representative Plaintiff at its Cincinnati, Ohio location during all times relevant to this Complaint.

10. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

11. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio

overtime compensation statute, Ohio Rev. Code § 4111.03.

12. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant employed Representative Plaintiff and others similarly situated as non-exempt production employees.

16. At all relevant times, Representative Plaintiff and other similarly situated employees were routinely required to work in excess of 40 hours per workweek.

17. Representative Plaintiff and other similarly situated employees reported to work up to fifteen minutes prior to the start of their shifts so that they could begin working. They were not paid for this work. Rather, they were not paid until the scheduled start of their shift. This resulted in up to fifteen minutes of unpaid time each workday.

18. The pre-shift work performed by Representative Plaintiff and other similarly situated employees constituted compensable work within the meaning of the FLSA and OMFWSA. It was the same work for which they were hired to perform and actually performed after the start of their scheduled shift.

19. Defendant's failure to pay Representative Plaintiff and similarly situated employees for the work prior to their shifts resulted in unpaid overtime in violation of the FLSA

and Ohio law.

20. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

21. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former non-exempt production employees of OfficeScapes LLC who worked 40 or more hours in any work week in the three years preceding the date of filing of this Complaint to the present.**

23. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay employees for work performed prior to the start of their shift resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

24. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

25. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## **CLASS ACTION ALLEGATIONS**
### (Ohio Class)

26. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former non-exempt production employees of OfficeScapes LLC who worked 40 or more hours in any work week in the two years preceding the date of filing of this Complaint to the present.**

28. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

29. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Representative Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendant's failure to pay Representative Plaintiff and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?
>
> Whether Defendant kept adequate records of the hours worked by Representative Plaintiff and the other class members?

30. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

31. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

32. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

34. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

36. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

37. As non-exempt employees, Representative Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

38. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

39. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

40. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

41. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

42. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Representative Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, on behalf of himself and the Ohio Class

members for which certification is sought pursuant to Fed. R. Civ. P. 23.

44. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

45. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, by failing to pay overtime compensation to its non-exempt employees.

46. Defendant's violations of Ohio Rev. Code § 4111.03 injured Representative Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

47. Ohio Rev. Code § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective Members, and the Ohio Class;

D. Award compensatory damages to Representative Plaintiff, the FLSA Collective Members, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount to the FLSA Collective Members;

E. Award Representative Plaintiff, the FLSA Collective Members, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate; and

F. Award Representative Plaintiff their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7034 Braucher St. N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*

*Counsel for Representative Plaintiff*